The opinion of the Court was delivered by
Horn blower, C. J.
The application for the appointment of Surveyors, was to lay out one road and to vacate another. The Surveyors did both. Thereupon Freeholders were appointed) they reviewed the road laid out, and the road vacated ; and reported, that the new road was unnecessary, and that the old road ought not to be vacated.
*272 Here the matter ought to have ended, but the court of Common Pleas set aside the return of the Freeholders, and ordered the survey to be recorded, because the Clerk of the Common Pleas, in making out the order appointing the freeholders, recited the return of the Surveyors and in doing so made a mistake in one part of it, by writing “ two degrees,” instead of “ ten degrees.”
The mistake occurs in the description of the new road as laid out, and hence it is insisted, that the freeholders did not review the road returned by the surveyors: nevertheless the court of Common Pleas erred, if not in setting aside the return of the freeholders, in ordering that of the surveyors to be recorded. The Legislature intended to give every person aggrieved by the laying out or vacating a road, an opportunity of having the proceedings of the surveyors reviewed by a commission of freeholders ; and have declared, that if such freeholders are of opinion, that the road is unnecessary, or that the road vacated, ought not to be vacated, the return of the surveyors shall not be recorded. Accordingly we have decided in the case of The State v. Waldron, 2 Harr. R. 369, that if the application for the appointment of freeholders, is made properly and in due season, to the court of Common Pleas, that court cannot defeat the review and deprive the party of his remedy, by refusing under a mistake of the law, to make the appointment; and in that case being of opinion, that the application had been in time, though the Common Pleas had thought otherwise, we remanded the matter back to that court, that they might appoint freeholders, and proceed according to law.
If then, the Common Pleas cannot defeat the party, when his application is made in time, by omitting through mistake of the law, or otherwise, to make the appointment, neither can they defeat him, and take away his remedy, by means of any clerical blunders of their own or of their clerks. If the court supposed, that the error in the des'cription of the road, had, or might have misled the freeholders; and that, but for that mistake they would or might have affirmed the proceedings of the surveyors, the court ought to have made a new appointment. To such a course, I see no legal objection; the caveator had done all he was bound to do: he had made his application in time; and the first appoint *273 ment having proved abortive, through the mistake of the clerk, the court, upon the principles adopted in the case referred to, 2 Harr. 22. 369, ought to have made a new appointment. A different course must result in a failure of justice to the caveator.
I am aware that in the case of The State v. Conover, 2 Halst. 203, Chief Justice Kirkpatrick denied the authority of the court to make a second appointment of freeholders. In that case, the report made by the freeholders appointed at a previous term, had been set aside on the ground, that one of them had been unlawfully appointed. The Chief Justice thought, that the court could make no new appointment; that having once executed its authority, its power had become defunct; and besides that, that it was too late j the statute directing the appointment to be made at the term next after the caveat has been filed. But neither of the other judges said any thing on this point, at least they expressed no concurrence in that opinion. And so far as respects the objection as to time, it may be considered as overruled by the case cited from 2 Harr. R. 369, and also by the case in 1 Harr. R. 345, in which this court appointed freeholders after several terms had intervened ; the case having been removed by writ of error, and the record afterwards remitted to this court. The statute in this respect, is merely directory: it was necessary, as in many other cases, that the statute should fix some time when Freeholders should be appointed, and when they should make their return. And, as to the power of the court having become defunct by having made one appointment, it seems to me the objection is not a sound one. It is not like the case where certain and specific duty is assigned or power is given to one or more individuals, by statute, and whose authority ceases the moment the act is done. The court of Common Pleas is not a body created for the special purpose of appointing freeholders in a particular case, or to perform a single act, and then to cease. It is a permanent institution, a court of common law, vested by statute with jurisdiction in this matter, and exercising that jurisdiction from term to term. Kor is it like the case of Randolph, reported in 9 Peters R. 12, in note. JSTor does it fall within the principles there laid down by the court. In this matter, the Court of Common Pleas act judicially and not as mere ministerial officers. Suppose, that on the first day of this term, we had appointed *274 freeholders, and to-day we are informed, that one or more of them have died since their appointment. Is our power at an end ? It is so, if the opinion expressed by Chief Justice Kirkpatrick is correct: for having made one appointment, we have nc more authority to make another, this term, than we should have the next.
If therefore, there is no objection fatal to the incipient proceedings, the order of the Common Pleas, directing the return of the surveyors to be recorded, ought to be reversed, and the matter remanded to that court, that they may appoint freeholders according to law, to review the proceedings of the surveyors. Such new appointment will be perfectly legal, because the abortive appointment which was made, was as none, and therefore the appointment remains to be made according to law. The propriety of such a course is strongly illustrated by the circumstances of this case. Here was one road laid out and another vacated by the same return. The error, was in the description of the road laid out: there is no pretence that the freeholders did not view the road vacated. They have declared that it ought not to be vacated, and yet because of the error in the description of the new road, the freeholders’ report as to the old one, is set aside, and the return of the surveyors, vacating that road, actually recorded, in opposition to the unanimous report of the freeholders. This cannot be right: and yet without pursuing the course I have suggested, there is no remedy in the case.
But there are other objections, either of which, if well taken, must be fatal to the whole proceedings.
First, It is said, the beginning and terminating points of the proposed road, are not sufficiently indicated.
■ The application was for a road, “ to commence, in the public road leading from Benjamin Halsey’s to Northrop’s mills, at Pleasant valley, on the North East side of that road, and near to where the road which leads down to Hendershot’s, starts from that roadand to terminate by running across Paulenkill, “ in the most suitable and direct course to or near Bale’s mills, and there to end.”
I have no desire to carry this objection any further than has been done by former decisions. If the word “ near ” had been omitted in the proposed beginning and ending, of the road, there *275 could have been no doubt but the designation would have been sufficiently certain • but their introduction of that word is supposed to render the beginning and ending of the road, too indefinite. The case of the State v. Green, 3 Harr. R. 179, has no application to this. There the objection was, that the reference was to certain stakes, when in fact, no stakes were there, nor any thing stated, by which, the place where the stakes were supposed to be, could be designated. The same may be said of the case in 1 Harr. 391. In Griscom v. Gilmore, 1 Harr. R. 105, this court did decide, that a return, beginning “at or near” a certain corner, and terminating “ at or near ” another corner, was too uncertain, and we did right. For a return by surveyors, is a very different thing from an application for a road. The difference I need not point out. But I know of no case, where the words “ at or near ” have been held too indefinite in an application for a road. In my opinion therefore, this objection fails.
Secondly, It is objected, that the official oath of one of the surveyors, was not properly certified.
The statute, Elm. Dig. 576, says, the Justice shall certify under the writing, (the official oath,) the day and year when it was taken, and subscribe his name thereto, and then deliver the said certificate to the officer (the surveyor) taking such oath, who shall within six days thereafter, transmit or deliver such certificate to the Clerk, &c. The oath taken by Van noy, one of the surveyors, is in due form, except, that it does not appear upon the face of it, when it was taken. But sent up with the papers in this ease, is a certificate signed by a justice of the peace, dated the 22d of August, 1839, stating that Vannoy took the oath of office, before him on the 18th day of March, then last past.
I have felt a strong inclination to get over this objection ; but after carefully reviewing the numerous decisions of this court, relating to Surveyors of the Highways, I find it impossible to do so, without disturbing some of those decisions.
In 1 South. 396, it was held, that although the surveyor had been lawfully sworn ; yet because he had not subscribed and filed the oath, the return was set aside.
In Fisher et al. v. Alter et al., 3 Halst. 301, three of the surveyors had taken and filed the oath in due time, but had not subscribed their names; and yet it was held fatal.
*276 In The State v. Hutchinson, 5 Halst. R. 242, three of the surveyors had been duly sworn, subscribed and filed their official oaths. The jurat of each was, “sworn and subscribed this 10th April, 1826, before me, William Tindall,” and the return was set aside, because it did not appear on the papers, or otherwise, that Tindall was a justice of the peace. And see, State v. Davis, 1 Green 10; State v. Ayres, 3 Green, 479; State v. Hart, 2 Harr. R. 186.
In the State v. Green, 3 Green R. 88, upon the authority of what was said by the court in the State v. Hutchinson, 5 Halst. 242, we decided that it might be shown by evidence aliunde, that the oath of office had been taken before a justice, he having subscribed his name, without indicating his office. But,
In the State v. Rogers, (a case which I believe has not been reported) the surveyor had taken the oath of office in proper time, and before a proper officer, and had filed it in season; but, as in the case now before us, the Justice had neglected to certify to the same, as the law directs; and we held that the defect could not be cured, by a supplementary certificate, or by proof of the facts, (referred to in 3 Green, 90.)
Upon this ground therefore, the return of the surveyors, must in my opinion, be set aside.

Betu/m of Surveyors set aside.

Cited in Smith v. Perth Amboy, 4 Harr. 56; State v. Van Buskirk, 1 Zab. 89.